# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **TRAMPAS DETERS ET AL** | **CASE NO. 2:21-CV-03090** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN SUMMIT INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" (Doc. 13) filed by Defendant, American Summit Insurance Company ("ASIC"). ASIC seeks to have the Court rule that Plaintiffs failed to mitigate their damages and to limit Plaintiffs' potential recovery for interior dwelling damages to the $14,718 bid submitted by contractor, Rick Howe.

## FACTUAL STATEMENT

Plaintiffs allege their property was damaged by Hurricanes Laura and Delta.[1] During the relevant time period ASIC insured Plaintiff's property. On August 30, 2020, Plaintiffs reported the damage caused by Hurricane Laura. ASIC retained a field adjuster to inspect the property on September 8, 2020. Following the inspection on September 17, 2020, ASIC issued two settlement checks to Plaintiffs in the amount of $7,756.62 for the dwelling and $484.25 to purchase a generator.[2]

---

[1] Doc. 1-3.
[2] Defendant's exhibit B.

Plaintiffs testified that Hurricane Delta either messed up and/or tore the tarp off the roof.[3] Plaintiffs did not make a claim for damage from Hurricane Delta.[4] On January 6, 2021, ASIC issued a supplemental payment of $2,943.36 based on an invoice submitted by Plaintiffs and prepared by ASAP Roofing & Construction to replace the roof ("ASAP").[5]

Mrs. Deters testified that the roof was not repaired until approximately seven (7) months after Hurricane Laura.[6] In November 2020, Rick Howe, proposed to perform all dwelling interior repairs for $14,718.[7] Both Trampas and Susan Deters testified that they understood that Howe's $14,718 bid was for all necessary dwelling interior repairs.[8]

Trampas Deters testified that he did not clean or remediate any of the suspected fungal growth in the interior of the dwelling and he did not hire anyone to do it.[9] Susan Deters testified that Plaintiffs have not attempted to remove or remediate suspected fungal growth in the dwelling.[10]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a

---

[3] See Defendant's exhibit D, Susan Deters' deposition, pp. 15:25-16:4, 19:8-10; Defendant's exhibit C, Trampas Deters deposition, p. 40:2-15.
[4] Defendant's exhibit C, Trampas Deters deposition, p. 40:22-25.
[5] Defendant's exhibit E.
[6] Defendant's exhibit D, Susan Deters' deposition, p. 64:16-20.
[7] Defendant's exhibit F.
[8] Defendant's exhibit, Trampas Deters' deposition, p. 43:7-20; Defendant's exhibit D, Susan Deters' deposition, pp. 56:20-58:9.
[9] Defendant's exhibit C, Trampas Deters' deposition, p. 44:9-14.
[10] Plaintiffs' exhibit D, Susan Deters' deposition, p. 60:22-61:3.

genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

ASIC maintains that Plaintiffs failed to protect their home from further damage in violation of their duty to mitigate as provided in the policy of insurance.[11] ASIC argues that Plaintiff's recovery should be limited to Rick Howe's estimate totaling $14,718 for interior damages because Plaintiffs failed to mitigate. In other words, any additional damage claimed by Plaintiff in excess of Howe's estimate are excluded by the policy due to Plaintiffs' failure to mitigate.

Several Louisiana appellate courts have held "for coverage to be excluded for an insured's violation of an insurance policy's cooperation clause, the breach on the part of the insured must be both material and prejudicial to the insurer."[12] Whether an insured breached a cooperation clause is a question of fact; however, there are "some circumstances in which prejudice resulting from Plaintiff's lack of compliance [with his post loss duties] is so clear, that summary judgment is appropriate."[13]

Here, Defendant alleges that Plaintiffs failed to mitigate their damages by not reporting Hurricane Delta damage. Defendant refers the Court to Plaintiffs deposition testimony wherein they testified that Hurricane Delta damaged the roof tarp. Thus, Plaintiffs caused the extent of damages to increase, which imposed a heavier burden upon Defendant to adjust for the damages sustained.

---

[11] Defendant's exhibit A, Policy.
[12] *Dennis v. Allstate Ins. Co.,* CV 10-795, 2010 WL 11538607 (E.D. La. Aug. 20, 2010) (*citing Williams v. Lowe*, 02-355 (La. App. 5 Cir. 10/16/02); 831 So.2d 334; *Desadier v. Safeway Ins. Co.*, 97-1412 (La. App. 3 Cir. 4/8/98)); 712 So.2d 925).
[13] *Id*. (*citing Mosadegh v. State Farm Fire and Casualty Co.*, No. 07-4427, 2008 WL 4544361, at *4 (E.D. La. Oct. 8, 2008) (The Court in Mosadegh held that an insured plaintiff's failure to submit to an examination under oath prejudiced the defendant insurance company, and thus summary judgment in favor of the defendant was appropriate.).

Defendants remark that regardless of whether Plaintiffs satisfy their burden in proving that Defendant acted in bad faith throughout the claims handling process or issued untimely or insufficient funds, it is well settled in Louisiana that the insured's duty to mitigate does not terminate when the insurer breaches the duty to timely settle a claim.[14]

ASIC asserts that even though Plaintiffs received payments, they did not make any repairs to the dwelling interior or attempt to mitigate mold, they delayed in making roof repairs, and failed to inform ASIC that Hurricane Delta had damaged the roof tarp.

Thus, ASIC argues that to the extent that interior damage progressed since November of 2020, such progression was the result of Plaintiffs' breach of their duty to mitigate and protect the property from further damage.

Plaintiffs assert that after Hurricane Delta, they submitted the Howe estimate, but ASIC has denied that claim. Plaintiffs remark that they cannot make any repairs to their home because ASIC failed to pay the claim. Plaintiffs dispute ASIC's assertion that Plaintiffs failed to mitigate. In their interrogatory responses, Plaintiffs stated that after the hurricane, they removed trees, tarped parts of the roof until the hired roofers came out to finish tarping, and make necessary roof repairs.[15] In addition, Plaintiffs purchased a generator[16] and had a new roof installed seven (7) months after the incident.[17] Mrs. Deters testified that after Hurricane Delta, ASAP came back out and re-tarped the roof.[18] Mr.

---

[14] *Real Asset Mgmt, Inc v. Lloyd's of London*, 61 F.3d 1223, 1229-30 (5th Cir. 1995)).
[15] Plaintiffs' exhibit P1, Response to Interrogatory No. 3.
[16] *Id.* Response to Interrogatory No. 6.
[17] *Id.*
[18] Plaintiffs' exhibit P2, Susan Deters' deposition, p. 16:2-9.

Deters testified that the only damage he observed after Hurricane Delta was that the tarp was "messed up", and that he immediately called ASAP to repair the tarp.[19]

The Court finds that Plaintiffs have submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial as to whether or not Plaintiffs failed to mitigate their damages.

## CONCLUSION

For the reasons set forth above, the Motion for Partial Summary Judgment (Doc. 13) filed by Defendant, American Summit Insurance Company will be denied.

**THUS DONE AND SIGNED** in Chambers on this 2nd day of March, 2023.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[19] Plaintiffs' exhibit P3, p. 40:2-19.