UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TRAMPAS DETERS ET AL** | **CASE NO.  2:21-CV-03090** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN SUMMIT INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is a "Motion in Limine Regarding Plaintiffs' Claim for Personal Property" (Doc. 20) wherein Defendant, American Summit Insurance Company ("ASIC") moves to exclude Plaintiff from introducing evidence related to their alleged personal property because they failed to report the claim within 180 days after sustaining the loss.

### INTRODUCTION

On or about August 20, 2023, Hurricane Laura made landfall near Lake Charles, Louisiana.  Plaintiffs allege that their home and/property, which was insured by ASIC, was damaged by the Hurricane.[1] Plaintiff reported their claims to ASIC but allege that ASIC made inadequate and untimely payments for the damages.[2]

### LAW AND ANALYSIS

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. See Federal Rule of Evidence 402. Among other grounds, the court

---
[1] Petition for Damages, Doc. 1-3, ¶ ¶ 5 and 6.
[2] *Id.*  ¶ ¶ 12 and 13.

may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Id. at 403.

ASIC moves this Court for an order to exclude Plaintiffs from presenting evidence related to any alleged personal property damages. ASIC maintains that Plaintiffs failed to allege personal property damages and present evidence of such damages until February 27, 2023, well after the February 9, 2020, deadline for filing dispositive motions. ASIC argues that this delay and failure to report such damages is evidence of the prejudicial effect Plaintiffs' actions had on Defendant.

Plaintiffs argue that evidence provided through discovery is relevant to Plaintiffs' damages. However, the Petition for Damages fails to allege that Plaintiffs have a personal property claim.  Plaintiffs concede that they did not allege a claim for personal property damage.[3] The Court agrees with ASIC that to now allege a personal property claim, would cause a prejudicial effect toward ASIC in defending this claim at trial.

**IT IS ORDERED** that ASIC's Motion in Limine Regarding Plaintiffs' Claim for Personal Property" (Doc. 20) is **GRANTED** and any evidence as to Plaintiffs' personal property claim will be excluded at the trial of this matter.

**THUS DONE AND SIGNED** in chambers this 21st day of March, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Doc. 28, p. 3.