UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TRAMPAS DETERS ET AL** | **CASE NO.  2:21-CV-03090** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN SUMMIT INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine and/or Daubert Motion to Exclude Testimony and Evidence Regarding Plaintiffs' Mental Anguish and Non-Disclosed Experts" (Doc. 23) wherein American Summit Insurance ("ASIC") moves to exclude: (1) Plaintiffs' treating physicians or medical providers regarding Plaintiffs allege mental anguish; (2) medical records to the extent they were not properly disclosed in compliance with the Court's Scheduling Order or Rule 26 of the Federal Rules of Civil Procedure; (3) any expert testimony not identified and disclosed in Plaintiffs' expert witness list, including but not limited to Mark A Roy of Clayton Environmental Company.

## INTRODUCTION

On or about August 20, 2023, Hurricane Laura made landfall near Lake Charles, Louisiana.  Plaintiffs allege that their home and/property, which was insured by ASIC, was damaged by the Hurricane.[1]  Plaintiff reported their claims to ASIC but allege that ASIC made inadequate and untimely payments for the damages.[2]

---

[1] Petition for Damages, Doc. 1-3, ¶ ¶ 5 and 6.
[2] *Id.*  ¶ ¶ 12 and 13.

## **LAW AND ANALYSIS**

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. See Federal Rule of Evidence 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Id. at 403.

ASIC moves to exclude the (1) testimony of any treating physician or medical provider regarding any alleged mental injuries and/or conditions, (2) Plaintiffs' medical records from being introduced into evidence, and (3) testimony from any potential expert not previously disclosed in Plaintiffs' expert witness list as mandated by this Court's Scheduling Order and the Federal Rules of Civil Procedure 26(a)(2)(B) and 26(a)(2)(C).

ASIC argues that Plaintiffs did not provide nor describe any potential witness as an expert on causation, medical providers, or regarding any biological growth. In their opposition, Plaintiffs assert that they do not intend to present any medical providers, but argue that because they have alleged mental anguish, they should not be limited or excluded from presenting evidence or testimony regarding same.

Considering that Plaintiffs admit that they did not disclose to ASIC any physician or medical provider, medical records or experts regarding same,

**IT IS ORDERED** that ASIC's Motion in Limine and/or Daubert Motion to Exclude Testimony and Evidence Regarding Plaintiffs' Mental Anguish and Non-Disclosed Experts (Doc. 23) is **GRANTED** to the extent that any (1) testimony of any treating

physician or medical provider regarding any alleged mental injuries and/or conditions, (2) Plaintiffs' medical records from being introduced into evidence, and (3) testimony from any potential expert will be excluded.

**THUS DONE AND SIGNED** in Chambers on this 21st day of March, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**