UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TRAMPAS DETERS ET AL**  :  **CASE NO.  2:21-CV-03090**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**AMERICAN SUMMIT INSURANCE CO**  :  **MAGISTRATE JUDGE KAY**

### MEMORANDUM ORDER

Before the Court is a "Motion in Limine to Exclude Testimony and Evidence Regarding Plaintiffs' Increased Insurance Premiums, General Claims Handling throughout the Region, and other "Golden Rule" Arguments" filed by American Summit Insurance Company ("ASIC") (Doc 24).

### INTRODUCTION

On or about August 20, 2023, Hurricane Laura made landfall near Lake Charles, Louisiana.  Plaintiffs allege that their home and/property, which was insured by ASIC, was damaged by the Hurricane.[1] Plaintiff reported their claims to ASIC but allege that ASIC made inadequate and untimely payments for the damages.[2]

### LAW AND ANALYSIS

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. See Federal Rule of Evidence 402. Among other grounds, the court

---

[1] Petition for Damages, Doc. 1-3, ¶ ¶ 5 and 6.
[2] *Id*.  ¶ ¶ 12 and 13.

may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Id. at 403.

ASIC is requesting that the Court issue the following Orders:

1. An order excluding any testimony, argument, or introduction of evidence related to Plaintiffs' increased insurance premiums.

2. An order excluding any testimony, argument, or introduction of evidence related to the entire insurance industry's claim handling in the region.

3. An order excluding any hypothetical questions to any lay witnesses.

4. An order excluding any opinion testimony by lay witnesses.

Regarding the introduction of evidence related to Plaintiffs' increased insurance premiums, Plaintiff argues that because ASIC failed to timely and adequately pay their claim, they were not able to make proper repairs and "[w]hen this occurs ..., another insurance company will either not issue a policy for coverage, or in the alternative, issue an insurance policy but with higher premiums because of the damaged property."[3]  The Court finds that the nexus between the alleged inadequate payment and increased premium payments is too attenuated to be relevant to Plaintiffs' claims in this lawsuit. Thus, the Court finds that this type of testimony and/or evidence is irrelevant and will be excluded at the trial of this matter.

---

[3] Opposition to Motion in Limine, p. 4, Doc. 30.

ASIC also moves to exclude any testimony, argument, or introduction of evidence related to the entire insurance industry's claim handling in the region. Plaintiffs rely on *Weiss v. Allstate Ins. Co.,* 512 F.Supp.2d 463 (E.D. Louisiana 2007). The Court has reviewed this case and finds that it is not relevant to support Plaintiff's opposition.  In *Weiss*, the Court allowed testimony concerning nearby properties[4] to compare and perhaps determine the type and/or causes of damages to that Plaintiff's house. Furthermore, the *Weiss* court examined each of the properties to determine their relevance based on location of the property, whether a proper foundation was laid, if the property was insured by another insurer, and if file materials were properly authenticated.  Here, Plaintiff have provided no facts to establish the relevancy of this type of evidence. Therefore, any testimony, argument, or introduction of evidence related to the entire insurance industry's claim handling in the region is irrelevant as to Plaintiffs' claims.

Next, ASIC moves to exclude any hypothetical questions to any lay witnesses, which bear no relation to any admitted evidence.  ASIC argues that any such hypothetical questions are irrelevant.  The Court agrees and will exclude any hypothetical questions which bear no relation to any admitted evidence.

Lastly, ASIC moves to exclude any opinion testimony by lay witnesses regarding causation of damages, estimated repair costs, appropriate mitigation efforts, timely reporting of claims, engineering opinions, devastation to the region

---

[4] 100 feet apart to 200 feet apart.  Most of the properties were excluded because they were too far apart, or completely irrelevant to the contested issues.

caused by Hurricane Laura and Delta, insurance industry's claims handling throughout the region as a whole, medical conditions as a result of Hurricane Laura and Delta and/or the claims handling process, need for future medical treatment, causation of medical conditions, and/or any lay opinion testimony sought regarding any of plaintiffs' alleged damages at issue.

Rule 701 of the Federal Rules of Evidence provides that a non-expert witness may testify in the form of opinions or inferences which are (1) rationally based on the perception of the witness; (2) helpful to a clear understanding of the witness' testimony or the determination of a fact issue; (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Any lay opinion testimony that does not satisfy the requirements of Rule 701 must be excluded. Therefore, ASIC posits that reference or opinion testimony from a lay witness would all require scientific or specialized knowledge in order to be admissible pursuant to Rule 701, must be excluded from trial.

Plaintiff argues that "[t]o prevent Plaintiffs from presenting relevant lay witness testimony is the equivalent of asking a person to testify with duct tape over that person's mouth."[5]

The Court will rule on this type of evidence as it is presented at trial. However, the Court will stay within the confines of the Federal Rules of Evidence in addressing any lay person testimony.

---

[5] *Id.* p. 5.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion in Limine to Exclude Testimony and Evidence Regarding Plaintiffs' Increased Insurance Premiums, General Claims Handling throughout the Region, and other "Golden Rule" Arguments" filed by American Summit Insurance Company ("ASIC") (Doc. 24) is **GRANTED** in part and **DENIED** in part. The motion is granted to the extent that the following will be excluded at the trial of this matter: (1) evidence related to Plaintiffs' increased insurance premiums (2) any testimony, argument, or introduction of evidence related to the entire insurance industry's claim handling in the region, and (3) any hypothetical questions which bear no relation to any admitted evidence. The Court will pretermit ruling on ASIC's motion as to lay person testimony.

**THUS DONE AND SIGNED** in Chambers on this 21st day of March, 2023.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**